UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS ESTEVEZ and MARIO CERNA on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MELISSA KELLY, JOHN KELLY, EMMA TSO, KELLROE, LLC, and CHAT NOIR LLC, ABC CORP. d/b/a CHAT NOIR RESTAURANT,<br><br>Defendants. | Index No.<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br>**RULE 23 CLASS ACTION** |

Plaintiffs DENNIS ESTEVEZ ("DENNIS") and MARIO CERNA ("MARIO") on behalf of themselves, and others similarly situated current and former and current employees of Defendants (the "Class"), and those who elect to opt into this action (the "FLSA Collective Plaintiffs") and complaining of the Defendants MELISSA KELLY ("MELISSA"), JOHN KELLY ("JOHN"), KELLROE, LLC ("KELLROE"), CHAT NOIR LLC (the "LLC") and ABC CORP. d/b/a CHAT NOIR RESTAURANT (the "RESTAURANT") (the LLC, KELLROE and the RESTAURANT, collectively, the "CORP." or "CORPS.") herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, that they are entitled to, under 29 U.S.C. § 201 *et seq*. ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

2. Plaintiffs further allege, *inter alia*, that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. Tit.

12, §§ 142 and 146 (collectively "NYLL") from Defendants: (i) unpaid wages for overtime work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) liquidated damages for failure to pay overtime premium and spread of hours pay, (iv) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (v) attorneys' fees, (vi) interest, and (vii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper as Defendants conduct business in Nassau County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiff*

5. Plaintiffs reside in NASSAU County, New York.

*Defendants*

6. All Defendants are collectively referred to as "Defendants."

7. The CORPS. is restaurant and event center specializing in French and European cuisine with an address at 230 Merick Road, Rockville Centre, NY 11570. According to its website, its hours of operation are: Monday to Wednesday 9AM to 5PM; Thursday to Sunday 9AM to 9PM.

8. MELISSA is a principal of the CORPS.

9. MELISSA is a manager of the CORPS.

10. Upon information and belief, MELISSA is: the President, Chief Executive Officer or a corporate officer of the CORPS., owns, is a majority shareholder, an agent of, manager of, has active control of the CORPS., has operational control of the CORPS., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented

and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORPS., determined employee salaries, made hiring decisions, maintains the employee records of the CORPS., directed the managers and employees of the CORPS. as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

11.  MELISSA exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

12.  JOHN is a principal of the CORPS.

13.  JOHN is a manager of the CORPS.

14.  Upon information and belief, JOHN is: the President, Chief Executive Officer or a corporate officer of the CORPS., owns, is a majority shareholder, an agent of, manager of, has active control of the CORPS., has operational control of the CORPS., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORPS., determined employee salaries, made hiring decisions, maintains the employee records of the CORPS., directed the managers and employees of the CORPS. as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

15.  JOHN exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

16. EMMA is a principal of the CORPS.

17. EMMA is a manager of the CORPS.

18. Upon information and belief, EMMA is: the President, Chief Executive Officer or a corporate officer of the CORPS., owns, is a majority shareholder, an agent of, manager of, has active control of the CORPS., has operational control of the CORPS., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORPS., determined employee salaries, made hiring decisions, maintains the employee records of the CORPS., directed the managers and employees of the CORPS. as to duties and tasks of the employees thereof, acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

19. EMMA exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

20. The CORPS. exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

21. At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

22. Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

23. At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

24. At all relevant times, they were each an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

25. Defendants are currently engaged in substantially the same work, in substantially the same working conditions, operate under the same location, use the same equipment and work force, operates under the same d/b/a name, utilizes the same logo and programs, have same exact website/website design, have substantially the same body of customers, and are otherwise liable as the successors, successors in business, successors in products or services, or a portion thereof, or a party to a merger or acquisition, and are its successor during all relevant times under N.Y. Lab. Law § 219, amongst other laws, and is otherwise a successor thereof, under all applicable law and liable to Plaintiffs' thereof.

## FLSA COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

27. At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

28. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names

and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

29. The named Plaintiffs are representative of those other workers and are acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

31. All said persons, including Plaintiffs, who are in the Class are referred to herein as the Class members. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

32. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

33. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

34. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications

with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36. Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

    b) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

    c) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

    d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

    e) Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

      f)     Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

      g)     The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

      h)     Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

## STATEMENT OF FACTS

38. MELISSA, VINCENT, EMMA and the CORPS. were in charge of hiring Plaintiffs.

39. MELISSA, VINCENT, EMMA and the CORPS. decided the job duties that Plaintiffs perform.

40. MELISSA, VINCENT, EMMA and the CORPS. determined Plaintiffs' hourly rate of pay.

41. MELISSA, VINCENT, EMMA and the CORPS. determined Plaintiffs' work schedule.

42. MELISSA, VINCENT, EMMA and the CORPS. determined the number of hours that Plaintiffs worked.

43. MELISSA, VINCENT, EMMA and the CORPS. managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

44. MELISSA, VINCENT, EMMA and the CORPS. supervised and controlled the conditions of Plaintiffs' employment.

45. MELISSA, VINCENT, EMMA and the CORPS. maintained Plaintiffs' employment records.

46. MELISSA, VINCENT, EMMA and the CORPS. have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

47. MELISSA, VINCENT, EMMA and the CORPS. were aware of Plaintiffs work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

48. MELISSA, VINCENT, EMMA and the CORPS. participated, controlled, directed, and had/has operational control of the day to day operations of the CORPS.

49. MELISSA, VINCENT, EMMA and the CORPS. did not accurately record or report the hours Plaintiffs worked.

50. DENNIS was employed by Defendants as a cook and chef from 2016 until February 2025.  He generally worked about between 54 to 61 hours a week.

51. DENNIS was paid $13/hour until May 2022, by check and cash.  Thereafter, he was paid $1,200 a week ($500 by check, $700 by cash) and $300 in cash for buying food supplies. In April 2024 and thereafter, he was paid $700 in cash, and $300 a week in cash for buying food supplies.

52. During the work-week of June 17, 2022 to June 23, 2022, DENNIS worked about 61 hours, but was only paid $500 in check, $700 by cash, and $300 in cash for food purchases.  During that work-week, DENNIS was not paid an overtime premium or spread of hour pay.

53. The hours depicted on DENNIS' paystubs/checks don't account for the hours he worked as they are either listed as "0.00" or aren't depicted at all.

54. MARIO was employed by Defendants as a server, party planner and coordinator from August 2019 to May 2022.   He generally worked about between 57 to 60 hours a week.

55. MARIO was paid $8.00 to $10.25 per hour by check; he also received tips.

56. During the work-week of May 29 2021 to June 4, 2021, MARIO worked about 60 hours, but was only paid $413.00 in check from Defendants and about $173.00 in cash, he also received

tips in cash – which tips cannot be credited against his pay. During that work-week, MARIO was not paid minimum wage, an overtime premium or spread of hour pay.

57. The hours depicted on MARIO'S paystubs were false, as they failed to account for all the time he worked or wages paid. He was paid by those hours depicted on his pay stubs by check, typically 40 hours a week, with the remaining hours he worked paid by Defendants in cash – with no overtime premium.

58. The cash portions of Plaintiff's pay did not contain withholds for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare and were not included in their wages reported to the IRS under Form W-2 by Defendants.

59. With respect to the cash paid to Plaintiffs, Defendants failed to provide a pay statement containing gross and net wages, itemized deductions, and/or itemized allowances. Accordingly, upon information and belief, Defendants failed to properly pay the payroll taxes for those cash payments to Plaintiffs like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

60. Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

61. While Plaintiffs, and Collective and Class plaintiffs, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the overtime hours worked.

62. Also, Plaintiffs, and Collective and Class plaintiffs, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

63. When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

64. Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

65. Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights, and employee rights by the NYLL.

66. During all relevant times, Defendants failed to maintain accurate and sufficient records of those hours Plaintiffs worked and those wages paid to them.

67. Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

68. Defendants committed the following acts against Plaintiffs, the FLSA Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.
Brought by Plaintiffs on Behalf of Themselves
And the FLSA Collective Plaintiffs)**

69. Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

70. Defendants never provided Plaintiffs with notice that any tips would be used as a

credit against wages.

71. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

72. At all relevant times, Defendants have and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

73. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

74. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

75. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

76. Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

77. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Spread of Hours Provisions)**
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a), 142-2.18 and 146-1.6 Brought by Plaintiffs on Behalf of Themselves and the Class)**

78. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

79. Plaintiffs and the Class and other FLSA Collective Plaintiffs regularly had workdays that lasted more than ten (10) hours.

80. Defendants willfully and intentionally failed to compensate Plaintiffs and the Class and other FLSA Collective Plaintiffs one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

81. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**FOURTH CLAIM FOR RELIEF**
**(New York Notice Requirements)**
**(N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

82. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

83. Defendants failed to furnish to Plaintiffs at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with

section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

84. The written notices serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

85. Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**FIFTH CLAIM FOR RELIEF**
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

86. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

87. Defendants paid Plaintiffs, and the Class, wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

88. Additionally, Defendants are required to keep records for six years, which must include accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay,

gross and net wages, itemized deductions and/or itemized allowances.

89. Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

90. The wage statements serve "as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves." Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

91. Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**SIXTH CLAIM FOR RELIEF**
**(New York State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

92. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

93. At all relevant times, Defendants employed Plaintiffs, and the Class within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

94. Defendants knowingly paid the Plaintiffs, and the Class less than the New York State minimum wage.

95. Defendants did not pay Plaintiffs, and the Class the New York minimum wage for all hours worked.

96. Defendants' failure to pay Plaintiffs, and the Class the New York minimum wage was willful.

97. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an

award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §663.

**SEVENTH CLAIM FOR RELIEF**
**(Civil Damages for Fraudulent Filing of Returns)**
**(U.S. Code § 7434)**

98. Plaintiffs, on behalf of themselves, and the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

99. Defendants paid Plaintiff, in cash, "off the books" without a check or paystub. Such "off the book" cash payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes (employer expenses) for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation, Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

100. Defendants are required to report all wages paid to employees to the IRS, and furnish each employee an IRS Form W-2 indicating those wages Defendant reported to the IRS for that employee. Defendants are then required to file Form W-3 (Transmittal of Income and Tax Statements) which list the employee information provided in Form W-2. The W-3 is initially filed with the Social Security Administration, who forwards it to the IRS. The IRS verifies the accuracy of the W-3 with the W-3's and provides a reconciliation of the quarterly tax payments for the year.

101. Defendants are also required to file their quarterly taxes with NY State (NYS-45 or NYS-45-ATT) and the IRS (Form 941) indicating all employee wages paid. Defendants are required to list each employee and indicate their wages paid on their yearly tax returns – those wages listed must align with the W-2's issued.

102. The wages Defendants paid "off the book" in cash to Plaintiffs were not included in

the wages identified in the IRS Tax Form W-2. Defendants knew they made cash payments to Plaintiffs and further knew those payments should have been included on the W-2's issued to Plaintiffs and reflected on Defendants income tax returns. Accordingly, Defendants filed income tax returns, and those W-2's and W-3's filed thereto, they knew to be false, as those returns contained false statements.

103. Accordingly, Defendants have fraudulently and willfully filed income tax returns for those years that Plaintiff were employed by them and are therefore liable to Plaintiff thereof.

104. Plaintiffs have mailed this Complaint to the Internal Revenue Service in compliance with 26 USC § 7434(d).

**EIGHTH CLAIM FOR RELIEF**
**(Asserted against MELISSA, JOHN and the CORPS.)**
**(Successor Liability)**

105. Plaintiffs, on behalf of themselves, and the Class, and other FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

106. Upon information and belief, MELISSA and JOHN purchased the CORPS. or that business known as Chat Noir from EMMA. Defendants are engaged in substantially the same work, in substantially the same working conditions, utilized the same logo, name and programs, utilized the same address and equipment and workforce, have substantially the same body of customers, and are otherwise liable as the successors, successors in business, successors in products or services, or a portion thereof, or a party to a merger or acquisition, to, and MELISSA, JOHN and the CORPS. are otherwise an "employer" or "successor" during all relevant times.

107. By the foregoing reasons, Defendants are liable to Plaintiffs for all amounts as the successors, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs, the Class and other FLSA Collective Plaintiffs, demand a trial by jury on all issues so triable as a matter of right.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray this Court grant as relief the following:

a. Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

b. Alternatively, to designate this action as a Rule 23 class action, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

c. Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

d. Awarding all unpaid compensation due under the FLSA and NYLL;

e. Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

f. Awarding Plaintiff an award of unpaid minimum wage, overtime, and spread of hours, under the N.Y. Lab. Law;

g. Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law;

h. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

i. Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

j. Awarding Plaintiff liquidated damages as a result of Defendants' failure maintain records under the N.Y. Lab. Law;

      k.  Not applying any tip credit against any wages received by Plaintiffs;

      l.  Awarding Plaintiffs pre-judgment interest;

      m.  Awarding Plaintiffs post-judgment interest;

      n.  Awarding Plaintiffs attorneys fees; and

      o.  Granting such other and further relief as this Court deems just and proper.

Dated: June 26, 2025

By: /s/
Marcus Monteiro
mmonteiro@mflawny.com
**MONTEIRO & FISHMAN LLP**
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
Facsimile: (516) 280.4530
*Attorneys for Plaintiffs*
*Collective Plaintiffs and Class Plaintiffs*