UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DENNIS ESTEVEZ and MARIO CERNA on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

MELISSA KELLY, JOHN KELLY, EMMA TSO, KELLROE, LLC, and CHAT NOIR LLC, ABC CORP. d/b/a CHAT NOIR RESTAURANT,

Defendants.

-----------------------------------------------------------X

**ANSWER**

Case No. 2:25-cv-03580-AMD-ARL

The Defendants, EMMA TSO ("TSO") and CHAT NOIR LLC ("CHAT NOIR") (collectively referred to as the "Chat Noir Defendants"), by their attorneys, SAHN WARD BRAFF COSCHIGNANO PLLC, as and for their Answer to Plaintiffs' Complaint (the "Complaint"), respectfully allege as follows:

1. The allegations set forth in paragraphs "1", "2", "3", "4", "10", "11", "14", "15", "18", "19", "20", "21", "24", "25", 26", "27", "28", "29", "30", "31", "32", "33", "35", "36", and "37" call for a legal conclusion to which no response is required and are otherwise denied.

2. Deny the allegations set forth in paragraphs "5", "7", "8", "9", "12", "13", "16", "17", "23", "34", "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "58", "59", "60", "61", "62", "63", "64", "65", "66", "67", and "68".

3. Paragraph "6" contains a statement to which no response is required.

4. Deny the allegations set forth in paragraph "22" of the Complaint and submit that the Chat Noir Defendants ceased doing business on or about November 11, 2021 when KELLYROE LLC purchased the assets of CHAT NOIR LLC. It is an undisputable fact that the Chat Noir Defendants have not had any gross annual revenues within the past three (3) years, much less revenues in excess of $500,000.00 to bring them within the realm of the Fair Labor Standards Act ("FLSA"). Moreover, pursuant to the terms of paragraph "4" of the First Amendment to Agreement of Sale, dated November 11, 2021, all employees of CHAT NOIR LLC were terminated on the closing date and were thereafter hired by KELLYROE LLC if said entity decided to so hire said employees and said employees decided to accept such employment. Defendant-TSO is not an owner, officer, director, shareholder or employee of KELLYROE LLC and has nothing to do with said entity. Moreover, Defendant-TSO no longer resides in the State of New York, having relocated to Virgina after selling Chat Noir to KELLYROE LLC. As such, Plaintiffs and their counsel are hereby on notice that the Chat Noir Defendants will seek court costs, interest and attorneys' fees should Plaintiffs and their counsel not voluntarily discontinue this action with prejudice against CHAT NOIR LLC and EMMA TSO as this Court lacks original jurisdiction to hear any dispute pertaining to the Chat Noir Defendants in light of the forgoing undisputed facts.

5. Deny the allegations set forth in paragraph "50" and submit that, as is relevant to the allegations herein, Plaintiff-DENIS ESTEVEZ ("ESTEVEZ") worked for the Chat Noir Defendants as the Executive Chef and ran the kitchen from June 29, 2019

until on or about November 11, 2021, working between eleven (11) and forty (40) hours per week during this period. As Executive Chef, Plaintiff-ESTEVEZ hired and fired, set the pay rates, set the schedule, and supervised the kitchen staff during the relevant period as set forth above.

6. Deny the allegations set forth in paragraph "51" and submit that, from June 29, 2019 until May 1, 2020, Plaintiff-ESTEVEZ was paid $14.00 per hour for all hours worked up to forty (40) in one week in full compliance with FLSA, which had and has a minimum wage of $7.25 per hour, and the NYLL, which had a minimum wage of $14.00 per hour at the time. From May 2, 2020 through June 19, 2020, Plaintiff-ESTEVEZ was paid $30.00 per hour for all hours worked up to forty (40) in one week, or well in excess of the minimum wage under FLSA and the NYLL. From June 20, 2020 through November 12, 2021, Plaintiff-ESTEVEZ was paid $18.00 per hour for all hours worked up to forty (40) in one week, again well in excess of the minimum wage under FLSA and the NYLL.

7. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "52" of the Complaint as Defendant-CHAT NOIR LLC ceased operations on November 11, 2021 and Plaintiffs were thereafter employed by KELLYROE LLC, with which the Chat Noir Defendants have nothing to do.

8. Deny the allegations set forth in paragraph "53" of the Complaint and submit that, quite to the contrary, every single paycheck stub issued to Plaintiff-ESTEVEZ by the Chat Noir Defendants during the relevant period of June 29, 2019 until on or about November 11, 2021 set forth the hours worked and the hourly rate of pay based upon the

hours as was reported by Plaintiff-ESTEVEZ, on the sign in sheets or through the point of sale system.

9. Deny the allegations set forth in paragraph "54" of the Complaint and submit that Plaintiff-MARIO CERNA ("CERNA") was employed by the Chat Noir Defendants as a part-time waiter during the relevant period herein from June 29, 2019 until on or about November 11, 2021 and worked an average of 12.25 to 40 hours per week as Plaintiff-CERNA was believed to be in school at this time.

10. Admits the allegations set forth in paragraph "55" of the Complaint and submit that this admission by Plaintiff-CERNA is further evidence that the Complaint against the Chat Noir Defendants must be dismissed as a matter of law as the minimum wage for a tipped employee under FLSA between June 29, 2019 and November 11, 2021 was and still is $2.13 per hour plus tips and under the NYLL ranged from $8.00 to $9.30[1] per hour plus tips. Thus, evidencing yet again that this action was frivolously commenced against the Chat Noir Defendants as Plaintiff-CERNA admits that he was paid at or above the minimum wage for a tipped employee under both the FLSA and NYLL during the period that he worked for the Chat Noir Defendants.

11. Deny the allegations set forth in paragraph "56" of the Complaint and submit that during the week of May 29, 2021 to June 4, 2021 Plaintiff-CERNA worked forty (40) hours as reflected on his paycheck stub, which was rare as he generally worked less than

---

[1] The minimum wage for a tipped employee under the NYLL in 2019 was $8.00 per hour ($10.00 per hour less a $2.00 tip credit), in 2020 was 8.70 per hour ($10.85 per hour less a $2.15 per hour tip credit), and in 2021 was $9.30 per hour ($11.65 per hour less a $2.35 tip credit).

thirty (30) hours in one week as he was still in school at the time.

12. Deny the allegations set forth in paragraph “57” of the Complaint and submit that, as reflected on Plaintiff-CERNA’S paycheck stubs, he rarely ever worked more than thirty (30) hours in one week as he was a part-time employee.

**AS TO THE FIRST CAUSE OF ACTION**

13. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs “1” through “68”, inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

14. The Chat Noir Defendants deny the allegations set forth in paragraphs “70”, “71”, “72”, and “73”.

15. The allegations set forth in paragraph “74” call for a legal conclusion to which no response is required and are otherwise denied.

**AS TO THE SECOND CAUSE OF ACTION**

16. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs “1” through “74”, inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

17. The Chat Noir Defendants deny the allegations set forth in paragraph “76”.

18. The allegations set forth in paragraph “77” call for a legal conclusion to which no response is required and are otherwise denied.

## AS TO THE THIRD CAUSE OF ACTION

19. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs "1" through "77", inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

20. The Chat Noir Defendants deny the allegations set forth in paragraphs "79" and "80".

21. The allegations set forth in paragraph "81" call for a legal conclusion to which no response is required and are otherwise denied.

## AS TO THE FOURTH CAUSE OF ACTION

22. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs "1" through "81", inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

23. The allegations set forth in paragraphs "83", "84", and "85" call for a legal conclusion to which no response is required and are otherwise denied.

## AS TO THE FIFTH CAUSE OF ACTION

24. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs "1" through "85", inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

25. The allegations set forth in paragraphs "87", "88", "90", and "91" call for a legal conclusion to which no response is required and are otherwise denied.

26. The Chat Noir Defendants the allegations set forth in paragraph "89".

## AS TO THE SIXTH CAUSE OF ACTION

27. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs "1" through "91", inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

28. The allegations set forth in paragraphs "93" and "97" call for a legal conclusion to which no response is required and are otherwise denied.

29. The Chat Noir Defendants deny the allegations set forth in paragraphs "94", "95", and "96".

## AS TO THE SEVENTH CAUSE OF ACTION

30. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs "1" through "97", inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

31. The Chat Noir Defendants deny the allegations set forth in paragraphs "99", "102", and "104".

32. The allegations set forth in paragraphs "100", "101", and "103" call for a legal conclusion to which no response is required and are otherwise denied.

## AS TO THE EIGHTH CAUSE OF ACTION

33. The Chat Noir Defendants repeat, reiterate, and reallege each and every admission and denial to paragraphs "1" through "104", inclusive, of the Complaint, with the same force and effect as though each were fully set forth herein at length.

34. The Chat Noir Defendants deny the allegations set forth in paragraphs "106"

and “107”.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

35. The claims asserted by Plaintiffs against the Chat Noir Defendants are barred, in whole or in part, by the applicable statute of limitations.

36. Defendant, TSO, sold CHAT NOIR, LLC’s assets to Defendant, KELLROE, LLC, on or about November 11, 2021.

37. The Chat Noir Defendants did not operate out of the premises located at 228 & 230 Merrick Road, Rockville Centre, New York 11570 (“the Premises”), or employ any employees at the Premises after on or about November 11, 2021.

38. The relevant period for any claims the Plaintiffs may have under the FLSA are specifically limited to the two-year period prior to commencement of the action absent a showing of willful or wanton violation.

39. As the Chat Noir Defendants have not been employers under FLSA within the past three years, any claims against them thereunder must be dismissed as a matter of law as they are time barred.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

40. Plaintiffs’ claims are barred, in whole or in part as Plaintiffs have already received payment in full from the Chat Noir Defendants of all sums to which they are entitled.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

41. The Chat Noir Defendants were entitled to claim a tip credit on Plaintiff-

CERNA's wages as he was a tipped service employee and was on notice that the Chat Noir Defendants intended to take the tip credit.

42. Plaintiff- ESTEVEZ was the Executive Chef and a supervisor, not a tipped service employee and, thus, was not required to receive any notice related to the tip credit.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

43. At all relevant times, the Chat Noir Defendants acted without intent or malice and engaged in good faith efforts to comply with all laws governing Plaintiffs' employment.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

44. Plaintiffs' claim for liquidated damages, if any, are barred, in whole or in part, because any and all actions taken by the Chat Noir Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

45. Plaintiffs' claims herein are barred, in whole or in part, by the doctrine of avoidable consequences.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

46. Plaintiffs' claims are barred, in whole or in part, as they include claims for time spent in preliminary and postliminary activities that must be excluded from compensable hours of work pursuant to the applicable laws to the extent that they should

apply.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

47. Plaintiffs' damages are barred, in whole or in part, as a result of Plaintiffs' failure to mitigate their damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

48. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands and/or other related equitable doctrines.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

49. Plaintiffs' claims are barred, in whole or in part, as Plaintiffs did not work more than ten (10) hours in one day and therefore were not entitled to spread of hours pay. Additionally, Plaintiff-ESTEVEZ was an exempt employee and not entitled to spread of hours pay.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

50. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exhaust any internal administrative remedies prior to filing this lawsuit.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

51. Plaintiffs' claims are barred, in whole or in part, by the Portal-to-Portal Act as Plaintiff, CERNA, never worked overtime and Plaintiff-ESTEVEZ was an exempt employee and not subject to FLSA or NYLL overtime provisions, but in any event did not work overtime.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

52. Plaintiffs' claims are barred, in whole or in part, as Plaintiffs failed to properly plead a basis to bring this action as a class action pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 or a collective action pursuant to 29 U.S.C. §§ 201 et seq.

53. Plaintiff-ESTEVEZ was an exempt supervisor who earned in excess of minimum wage, did not work overtime and was not entitled to spread of hours pay. Plaintiff, CERNA, was part-time employee who occasionally worked a full-time work week, was always paid at or in excess of the minimum wage, never worked overtime and was not entitled to spread of hours pay.

54. Accordingly, Plaintiffs failed to demonstrate that they are part of any class of similarly situated individuals with similar job titles, location or that they were subjected to similar specific employment practices complained of in the Complaint.

55. This is particularly so as there are no similarly situated employees as the Chat Noir Defendants ceased operating in New York State approximately four (4) years ago, or outside the relevant periods herein

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

56. Plaintiffs' claims are barred, in whole or in part, as the prerequisites for a class or collective action have not been met and therefore Plaintiffs may not proceed as a class or collective action.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

57. This action is barred as to some of the members in the alleged class as the relevant statute of limitations has elapsed.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

58. Plaintiffs' claims are barred, in whole or in part, to the extent that the work performed falls within exclusions, exceptions, offsets, or credits provided for in the FLSA, the NYLL, and their implementing regulations.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

59. Plaintiffs' claims for damages are barred to the extent that said claims are speculative in nature.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

60. Plaintiffs' claims are barred, in whole or in part, as Plaintiffs may not seek damages for themselves and/or a putative class on a claim of an alleged violation of the Wage Theft Prevention Act as such damages are deemed penalties under New York law and may not be brought as a class or collective action.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

61. Plaintiffs' claims are barred, in whole or in part, as Plaintiffs were paid in excess of the minimum wage under New York State and Federal laws for each hour they worked.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

62. Plaintiffs' claims are barred, in whole or in part, as Plaintiffs did not work

more than forty (40) hours in one week and therefore were not entitled to overtime compensation under FLSA or the NYLL. Additionally, Plaintiff-ESTEVEZ was an exempt employee and thus not entitled to overtime compensation.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

63. This court should decline to exercise jurisdiction over Plaintiff's NYLL §195 claims.

64. Plaintiffs allege in Paragraphs "50" to "56" of the Complaint that they knew the precise hours they worked and the wages they earned to support their claim that the Chat Noir Defendants supposedly violated the minimum wage and overtime laws, while thereafter contradicting this claim within the Wage Theft Prevention Act causes of action wherein they claim that they supposedly could not determine whether their rights were violated under the laws due to a supposed failure to provide a notice of payrate or paycheck stubs.

65. Plaintiffs cannot have it both ways and this Court should follow the precedent of this District and the Second Circuit Court of Appeals by declining to exercise jurisdiction over Plaintiffs' causes of action under the New York Wage Theft Prevention Act.

66. This is particularly so where Plaintiffs Complaint fails to show some causal connection between the lack of accurate notices and some downstream harm other than in conclusory and contradictory form. *See* *Gutherie v. Rainbow Fencing Inc.*, *113 F.4th 300,*

*304-305 and 308-309 (2d Cir. 2024); see also Spokeo, Inc. v. Robins, 578 U.S. 330, 333-340 (2016); Jimenez v. Green Olive Inc., 744 F.Supp.3d 221, 238-239 (EDNY 2024).*

67. Based upon the foregoing inconsistencies, Plaintiffs' NYLL §195 Causes of Action should be dismissed.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

68. Plaintiffs failed to allege current or past harm and/or damages resulting from alleged violations of NYLL §195(1) or NYLL §195(3).

69. Even though Plaintiffs alleged that they were supposedly unable to advocate for proper pay, this does not establish damages under their Fourth and Fifth Causes of Action.

70. Actual damages are an indispensable part of a pleading and thus all allegations related to NYLL §195(1) or NYLL §195(3) must be dismissed.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

71. Plaintiffs failed to allege facts to support a claim for Civil Damages for Fraudulent Filing of Return under 26 U.S.C. §7434(a) and accordingly this cause of action must be dismissed.

**AS AND FOR A TWENTY- FOURTH AFFIRMATIVE DEFENSE**

72. Plaintiffs failed to state a claim for Civil Damages for Fraudulent Filing of Return under 26 U.S.C. §7434(a) as Plaintiffs failed to identify which Defendant is alleged to have violated 26 U.S.C. §7434(a).

**AS AND FOR A TWENTY- FIFTH AFFIRMATIVE DEFENSE**

73. Plaintiffs' claims under 26 U.S.C. §7434(a) are barred, in whole or in part, as the allegations that the Chat Noir Defendants acted willfully is conclusory and without merit.

**AS AND FOR A TWENTY- SIXTH AFFIRMATIVE DEFENSE**

74. Plaintiffs' claims under 26 U.S.C. §7434(a) are barred, in whole or in part, because any and all actions taken by the Chat Noir Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of New York State or Federal law.

**AS AND FOR A TWENTY- SEVENTH AFFIRMATIVE DEFENSE**

75. Neither Plaintiff ever worked overtime and Plaintiffs do not properly allege violations under 26 U.S.C. §7434(a).

76. As such, Plaintiffs' First Cause of Action under FLSA and Seventh Cause of Action under 26 U.S.C. §7434(a) fail to state causes of action upon which relief can be granted.

77. As Plaintiffs have no viable claim under Federal law, this Court lacks original jurisdiction over this matter.

78. As this Court lacks original jurisdiction over this matter, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' State Law claims and Plaintiff's Complaint should be dismissed.

## AS AND FOR A TWENTY- EIGHTH AFFIRMATIVE DEFENSE

79. If Plaintiff-ESTEVEZ succeeds at establishing any violation under FLSA or the NYLL, and to the extent any sums are found due and owing to said Plaintiff, the Chat Noir Defendants are entitled to a set-off against any such sum in the amount of revenue lost by the Chat Noir Defendants as a result of Plaintiff-ESTEVEZ stealing from the Chat Noir Defendants.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM UNDER FAITHLESS SERVANT AGAINST PLAINTIFF-ESTEVEZ

80. During the period that Plaintiff-ESTEVEZ was employed by the Chat Noir Defendants, he owed a duty of fidelity to the Chat Noir Defendants.

81. During the period that Plaintiff-ESTEVEZ was employed by the Chat Noir Defendants, he breached his duty of loyalty and good faith to the Chat Noir Defendants by repeatedly stealing food and other products from the kitchen of the Chat Noir Defendants without authorization to do so.

82. Through Plaintiff-ESTEVEZS' misconduct, Plaintiff-ESTEVEZ breached his duty of loyalty to the Chat Noir Defendants.

83. As a consequence of Plaintiff-ESTEVEZ acting as faithless servants and violating his duties to the Chat Noir Defendants, he is required to forfeit to the Chat Noir Defendants all compensation paid to him by the Chat Noir Defendants during that period in addition to reimbursing the Chat Noir Defendants for the damages they incurred as a result of Plaintiff-ESTEVEZ stealing from the Chat Noir Defendants.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM UNDER FAITHLESS SERVANT AGAINST PLAINTIFF-ESTEVEZ**

84. The Chat Noir Defendants repeat, reiterate and reallege each and every allegation set forth in Paragraphs "80" to "84" inclusive, with the same force and effect as though each were fully set forth herein at length.

85. Plaintiff-ESTEVEZ was unjustly enriched and directly benefitted from stealing food and other products from the kitchen of the Chat Noir Defendants without authorization to do so.

86. As a consequence of Plaintiff-ESTEVEZ stealing from the Chat Noir Defendants, said Defendants have been damaged in an amount to be determined at trial.

87. Equity and good conscience require that Plaintiff-ESTEVEZ be ordered to pay restitution to The Chat Noir Defendants for the damages caused by his theft.

88. Equity and good conscience require that the Chat Noir Defendants be entitled to an offset for any sums due to Plaintiff-ESTEVEZ based on the amount he stole from the Chat Noir Defendants.

**WHEREFORE**, the Chat Noir Defendants respectfully request that the Court dismiss Plaintiffs' Complaint as it pertains to them in its entirety, plus such other, further and different relief as may seem just, proper and equitable under the circumstances.

Dated: Uniondale, New York
August 12, 2025

SAHN WARD BRAFF COSCHIGNANO PLLC
*Attorneys for the Chat Noir Defendants*

By: ______________________________
DANIELE D. DE VOE
333 Earle Ovington Boulevard, Suite 601
Uniondale, New York 11553
(516) 228-1300