**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS ESTEVEZ and MARIO CERNA on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MELISSA KELLY, JOHN KELLY, EMMA TSO, KELLROE, LLC, and CHAT NOIR LLC, ABC CORP. d/b/a CHAT NOIR RESTAURANT,<br><br>Defendants. | 25-cv-03580 (AMD)(ARL) |

**PLAINTIFF DENNIS ESTEVEZ'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS COUNTERCLAIMS OF EMMA TSO and CHAT NOIR LLC**

*On the brief:*

MONTEIRO & FISHMAN LLP
Marcus Monteiro, Esq.
Email: *mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs, FLSA Collective
*Plaintiffs, and the Class*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........ 1

II. THE COUNTERCLAIMS ........ 2

III. RULE 12(B)(6) STANDARD ........ 3

IV. LEGAL ARGUMENT ........ 4

a. The Faithless Servant Doctrine ........ 4

b. EMMA and CHAT NOIR Waived any Faithless Servant Claim Long Ago ........ 6

c. The Alleged Eaten Sandwich is Insufficiently Severe to Assert a Claim ........ 7

d. This Court Should Decline Jurisdiction to Entertain Defendant's Faithless Servant Counterclaims ........ 7

e. The Alleged Eaten Sandwich was Insufficiently Pled ........ 9

f. Plaintiff Should be Awarded Costs and Fees ........ 9

g. Plaintiffs Should be Granted Leave to Amend Their Complaint to Assert a Cause of Action for Retaliation based on EMMA and CHAT NOIR's Counterclaims ........ 10

<u>**TABLE OF AUTHORITIES**</u>

**Cases** **Page(s)**

*Achtman v. Kirby, McInerney & Squire, LLP*,
464 F.3d 328, 335 (2d Cir. 2006) ........ 8

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009) ........ 3

*Bell Atlantic v. Twombly*,
550 U.S. 544, 570 (2007) ........ 3

*Carco Grp., Inc. v. Maconachy*,
383 F. App'x 73, 76 (2d Cir. 2010) ........ 4

*Chan v. Big Geyser, Inc.*,
2018 WL 4168967 (S.D.N.Y. Aug. 30, 2018) ........ 10

*Cicek v. Green Station Auto Servs. Inc.,*
2024 WL 2258312 (E.D.N.Y. May 17, 2024) ........ 8

*Delaney v. Bank of Am. Corp.*,
766 F.3d 163, 170 (2d Cir. 2014) ........ 8

*Doe v. Solera Capital LLC*,
18-CV-1769-ER, 2019 WL 1437520 (Mar. 31, 2019) ........ 4, 7

*Ebel v. G/O Media, Inc.,*
2021 WL 2037867 (S.D.N.Y. May 21, 2021) ........ 7

*Farricker v. Penson Dev., Inc.*,
WL 845983, at *2–3 (S.D.N.Y. Mar. 4, 2010) ........ 6

*Johnson v. Corp. Express, Inc.*,
2022 WL 992633, at *2 (E.D.N.Y. 2022) ........ 8

*Kahlil v. Original Old Homestead Rest., Inc.*,
657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) ........ 9

*Leary v. Al-Mubaraki*,
2019 WL 4805849 (S.D.N.Y. Sept. 30, 2019) ........ 6

*Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*,
631 F.3d 57, 63 (2d Cir. 2011) ........ 3

*Miller v. Levi & Korsinsky, LLP*
2021 WL 535599 (S.D.N.Y. Feb. 12, 2021)........................................................................ 6, 7, 10

*Nunez v. Metro. Learning Inst., Inc.*,
2019 WL 5457731 (E.D.N.Y. 2019)......................................................................................... 10

*Perry v. Erie Cnty. Supreme Ct.,*
2024 WL 4783966 (W.D.N.Y. Nov. 14, 2024) .......................................................................... 10

*Phansalkar v. Andersen Weinroth & Co*.,
344 F.3d 184, 200 (2d Cir. 2003)................................................................................................ 4

*Rodriguez v. National Golf Links of America*,
2020 WL 3051559 (E.D.N.Y. June 8, 2020) .............................................................................. 10

*Rosario v. Prasad Cosm. Surgery*,
2025 WL 486636 (E.D.N.Y. Feb. 13, 2025)................................................................................ 7

*Stefanovic v. Old Heidelberg Corp.,*
2022 WL 3928370 (S.D.N.Y. Aug. 31, 2022)......................................................................... 4, 5

*Torres Ibarra v. W&L Group Construction, Inc. et al.,*
No. 19- 2019 WL 5863951 (E.D.N.Y. 2019) ............................................................................... 9

*Torres v. Gristede's Operating Corp.*,
628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008)...................................................................... 5, 8, 9, 10

*Turner v. Kouwenhoven*,
100 N.Y. 115, 120, 2 N.E. 637, 639 (1885)................................................................................... 4

Plaintiff DENNIS ESTEVEZ ("DENNIS") submits this memorandum of law in support of his motion to dismiss Defendants EMMA TSO ("EMMA") and CHAT NOIR LLC ("CHAT NOIR") First and Second Counterclaims (the "Counterclaims") as contained in their Answer. *See* Ex. 1.

## I. PRELIMINARY STATEMENT

EMMA was the owner of a large restaurant and event center specializing in French and European cuisine with an address at 230 Merick Road, Rockville Centre, NY 11570 called Chat Noir, operating under the corporate entity CHAT NOIR LLC. Ex. 2, ¶ 7. DENNIS was employed by Defendants as a cook and chef from 2016 until February 2025. He generally worked about between 54 to 61 hours a week. *Id*., ¶ 50. DENNIS was paid $13/hour until May 2022, by check and cash. *Id*., ¶ 51. Thereafter, he was paid $1,200 a week ($500 by check, $700 by cash) and $300 in cash for buying food supplies. *Id*. In April 2024 and thereafter, he was paid $700 in cash, and $300 a week in cash for buying food supplies. *Id*.

EMMA claims she sold the restaurant to Defendants MELISSA and JOHN KELLY operating under KELLROE, LLC on November 11, 2021. Rather than litigate this wage theft case in good faith, EMMA and CHAT NOIR somehow assert that at some non-descript time between 2016 and November 11, 2021 (when she alleges she sold the restaurant), DENNIS ate some food from the kitchen (the exact food is not pled - perhaps a sandwich?). According to EMMA and CHAT NOIR, eating this sandwich is a substantial malfeasance against a principal or employer, a breach of corporate duties (like embezzlement or diversion of substantial business opportunities), and invokes the faithless servant doctrine.

Plaintiff also intends to file a motion made under Rule 11 should the provisions of their August 22, 2025 "safe harbor" letter not be complied with.

## II. THE COUNTERCLAIMS

Defendant EMMA and CHAT NOIR Answered the Complaint and asserted the following affirmative defenses and counterclaims therein:

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM UNDER FAITHLESS SERVANT AGAINST PLAINTIFF-ESTEVEZ**

80. During the period that Plaintiff-ESTEVEZ was employed by the Chat Noir Defendants, he owed a duty of fidelity to the Chat Noir Defendants.

81. During the period that Plaintiff-ESTEVEZ was employed by the Chat Noir Defendants, he breached his duty of loyalty and good faith to the Chat Noir Defendants by repeatedly stealing food and other products from the kitchen of the Chat Noir Defendants without authorization to do so.

82. Through Plaintiff-ESTEVEZS' misconduct, Plaintiff-ESTEVEZ breached his duty of loyalty to the Chat Noir Defendants.

83. As a consequence of Plaintiff-ESTEVEZ acting as faithless servants and violating his duties to the Chat Noir Defendants, he is required to forfeit to the Chat Noir Defendants all compensation paid to him by the Chat Noir Defendants during that period in addition to reimbursing the Chat Noir Defendants for the damages they incurred as a result of Plaintiff-ESTEVEZ stealing from the Chat Noir Defendants.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE AND SECOND COUNTERCLAIM UNDER FAITHLESS SERVANT AGAINST PLAINTIFF-ESTEVEZ**

84. The Chat Noir Defendants repeat, reiterate and reallege each and every allegation set forth in Paragraphs "80" to "84" inclusive, with the same force and effect as though each were fully set forth herein at length.

85. Plaintiff-ESTEVEZ was unjustly enriched and directly benefitted from stealing food and other products from the kitchen of the Chat Noir Defendants without authorization to do so.

86. As a consequence of Plaintiff-ESTEVEZ stealing from the Chat Noir Defendants, said Defendants have been damaged in an amount to be determined at trial.

87. Equity and good conscience require that Plaintiff-ESTEVEZ be ordered to pay restitution to The Chat Noir Defendants for the damages caused by his theft.

> 88. Equity and good conscience require that the Chat Noir Defendants be entitled to an offset for any sums due to Plaintiff-ESTEVEZ based on the amount he stole from the Chat Noir Defendants.

Ex. 2: Answer.

Thus, EMMA and CHAT NOIR somehow assert that at some non-descript time between 2016 and November 11, 2021, DENNIS ate some food from the kitchen. The food wasn't identified, nor was the time and date when DENNIS apparently ate such food. EMMA and CHAT NOIR's counterclaims are so vague, slight and implausible that they were clearly presented "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and should be dismissed.

## III. RULE 12(B)(6) STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Therefore, the complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Matson v. Board of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011).

## IV. LEGAL ARGUMENT

### *a. The Faithless Servant Doctrine*

Under New York law, "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary." *Phansalkar v. Andersen Weinroth & Co*., 344 F.3d 184, 200 (2d Cir. 2003) (citation omitted). "In New York, courts continue to apply two alternative standards for determining whether an employee's conduct warrants forfeiture under the faithless servant doctrine." *Carco Grp., Inc. v. Maconachy*, 383 F. App'x 73, 76 (2d Cir. 2010). "The first standard requires [that] the misconduct and unfaithfulness substantially violates the contract of service such that it permeates the employee's service in its most material and substantial part." *Doe v. Solera Capital LLC*, 18-CV-1769-ER, 2019 WL 1437520 (Mar. 31, 2019), *vacated on other grounds*, 2020 WL 11027792 (S.D.N.Y. Dec. 16, 2020). The second standard is less exacting, requiring only "misconduct ... that rises to the level of a breach of a duty of loyalty or good faith." *Phansalkar, 344 F.3d at 202*; *Stefanovic v. Old Heidelberg Corp.,* 2022 WL 3928370, at *7 (S.D.N.Y. Aug. 31, 2022)("Here, the Court need not attempt to reconcile the two standards, as it finds that, under either standard, Plaintiffs are entitled to summary judgment dismissing the Counterclaim.")

While the faithless servant doctrine has long provided the basis for a common law claim in New York, the doctrine is recognized in only a handful of other states and is rarely used in those states. The doctrine has traditionally been applied in extreme cases in which an agent or employee commits substantial malfeasance against a principal or employer, such as embezzlement, diversion of substantial business opportunities, or the acceptance of kickbacks. *See Turner v. Kouwenhoven*,

100 N.Y. 115, 120, 2 N.E. 637, 639 (1885). Importantly, the breach must be severe, as the Court in *Stefanovic v. Old Heidelberg Corp.* observed:

> Courts in this circuit have generally found that minor misconduct does not constitute the type of "persistent pattern of disloyalty that courts have found necessary to bring conduct within the confines of the [faithless servant] doctrine. The duty of loyalty has been limited to cases where the employee, acting as the agent of the employer, unfairly competes with his employer, diverts business opportunities to himself or others to the financial detriment of the employer, or accepts improper kickbacks.
>
> Here, Plaintiff Mirkov admits to altering tips from customers approximately twelve times over two years. Defendants do not allege a total dollar amount stolen. However, while Mirkov's misconduct is certainly improper, even considering this misconduct in the light most favorable to the Defendants, the Court concludes that it is, on the record before the Court, far more akin to the "petty pilfering" identified in Doe and Torres than to the large-scale fraud considered in Moser or Sansum. Defendants argue that "it is of no moment that Mirkov is a minimum wage employee because it is not a requirement for a claimant in a faithless servant action to show that the employee against whom the claim is brought attained a minimum income threshold. Defendants' argument errs in focusing on the income of the employee rather than the scope of the misconduct. Regardless of the income or position of a given employee, "petty pilfering" of the type considered here has repeatedly been found insufficient to support a faithless servant claim.
>
> For these reasons, the Court grants Plaintiffs' motion for summary judgment as to the Counterclaim. Defendants' summary judgment motion as to the Counterclaim is denied.

2022 WL 3928370, at *7. (citations and quotations omitted). Despite the commonsense analysis of *Stefanovic*, a growing litigation trend is for employers to file baseless faithless servant claims in response to complaints to retaliate against those employees from asserting their workplace rights. Employers who prevail on faithless servant claims can seek to recover the wages paid to the disloyal agent or employee during the disloyal period, or "disentitled to recover his compensation."

Indeed, exploitation of the faithless servant doctrine against one employee puts all employees on notice of the harm that the employer can inflict upon them if they dare to step out of line by asserting their statutorily protected rights. *See Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 473 (S.D.N.Y. 2008) ("Gristede's sent both the Individual Defendants and other

actual and potential class members a strong message that, by initiating and/or maintaining claims against Gristede's, they would be subject to burdensome countersuits.")

### *b. EMMA and CHAT NOIR Waived any Faithless Servant Claim Long Ago*

For starters, EMMA and CHAT NOIR's fabricated Faithless Servant is clear exploitation, as the claim was waived long ago. As the Southern District held in *Miller v. Levi & Korsinsky, LLP*, "[t]urning to the merits of Miller's motion, even if L&K had not abandoned the second branch of its faithless servant counterclaim, neither allegation of Miller's misconduct plausibly alleges a violation of the doctrine which would entitle L&K to the relief it seeks. First, L&K's own allegations indicate that it knew of and tolerated Miller's purported faithless behavior … In addition, L&K does not allege that it took disciplinary action against Miller or even raised a concern that her actions were disloyal or improperly motivated. 2021 WL 535599, at *6 (S.D.N.Y. Feb. 12, 2021)(dismissing faithless servant counterclaim); *Leary v. Al-Mubaraki*, 2019 WL 4805849, at *4 (S.D.N.Y. Sept. 30, 2019) (dismissing faithless servant counterclaim where the allegations indicated that defendants tolerated plaintiff's years-long consumption of alcohol at work and did not specify any occasion, other than plaintiff's termination, where defendants took corrective action); *Farricker v. Penson Dev., Inc.*, WL 845983, at *2–3 (S.D.N.Y. Mar. 4, 2010) (noting defendant's counterclaim for breaches of good faith and loyalty "simply does not make sense" where plaintiff was not terminated after his alleged misconduct was discovered).

Here, the aggrieved conduct allegedly consisted of "stealing food and other products from the kitchen" at unknown amounts at unknown times between 2016 to November 11, 2021. However, EMMA and CHAT NOIR tolerated this apparent behavior for many years, never raised such concern, never took corrective action and like *Farricker* above, the claim "simply does not make sense." The fabricated counterclaims were only asserted after EMMA and CHAT NOIR were

served with the Complaint and after speaking with her attorneys. The bogus counterclaim is just clear-cut retaliation and should be dismissed.

### *c. The Alleged Eaten Sandwich is Insufficiently Severe to Assert a Claim*

The alleged eaten sandwich is insufficiently severe to trigger the faithless servant doctrine. *Solera Capital*, 2019 WL 1437520, at *10 (S.D.N.Y. 2019) ("Finally, the faithless servant doctrine doesn't apply on the facts of this case because Defendants have not cited, and the Court has not found, a case where the doctrine was applied to the type of garden-variety, petty pilfering by an employee as alleged here" ... noting it is a "good thing" that courts have not applied the faithless servant doctrine to "garden-variety, petty pilfering by an employee"); *Miller v. Levi Korinsky, LLP* 2021 WL535599, at *6 (S.D.N.Y. Feb. 12, 2021) (dismissing claim under the faithless servant doctrine where "the two instances of misconduct that [the defendant] allege[d] [were] not severe enough to warrant relief"); *Ebel v. G/O Media, Inc.,* No. 20 CIV. 7483 (PAE), 2021 WL 2037867, at *6 (S.D.N.Y. May 21, 2021) )("As then-District Judge Lynch explained in dismissing similarly deficient faithless-servant counterclaims, it is important to ensure that this doctrine does "not stretch so far," given its severe penalty: forfeiture of an employee's entire salary during the period of faithlessness."); *Rosario v. Prasad Cosm. Surgery*, 2025 WL 486636, at *12 (E.D.N.Y. Feb. 13, 2025)(NCM)(AYS)(dismissing faithless servant doctrine while holding that " Isolated instances of misconduct, however, are insufficient to warrant application of the faithless servant doctrine.")

### *d. This Court Should Decline Jurisdiction to Entertain Defendant's Faithless Servant Counterclaims*

A court will exercise supplemental jurisdiction over permissive counterclaims if they are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In other words, those claims must "derive from a common nucleus of operative

fact." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014). "In determining whether two disputes arise from a common nucleus of operative fact, [courts] have traditionally asked whether the facts underlying the federal and state claims substantially overlap[ ] ...." *Achtman v. Kirby, McInerney & Squire*, *LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quotation marks omitted). No common nucleus of operative fact exists "where the state law claims involve[ ] different rights, different interests, and different underlying facts than the federal claims." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008) (quotation marks omitted)

As Judge Choudhury of this Court recently held in a similar case:

> Additionally, Plaintiff's will move to The Court will not exercise supplemental jurisdiction over Defendants' permissive counterclaims for breach of the faithless servant doctrine and tortious interference with business relations because they do not share a common nucleus of operative fact with Cicek's FLSA and NYLL claims. The allegations underlying Cicek's claims that Defendants failed to pay overtime wages, unlawfully deducted wages, and failed to provide wage notices and statements do not overlap with Defendants' counterclaims alleging that Cicek stole money and forged customers' signatures, invoices, and receipts. Indeed, as noted above, resolving the counterclaims would require discovery unnecessary to resolution of Cicek's claims. In this action,"[a]t most, plaintiff's employment relationship with the defendants is the sole fact that connects the federal and state claims, but that fact alone is insufficient to form the basis of supplemental jurisdiction. As a result, the Court lacks subject matter jurisdiction over Defendants' faithless servant doctrine and tortious interference counterclaims.
>
> Defendants argue that this Court can exercise supplemental jurisdiction over their faithless servant doctrine counterclaim because it is related to Defendants' recoupment and setoff affirmative defenses. But such affirmative defenses do not "confer subject matter jurisdiction—otherwise any claim of any sort for money damages that a defendant might assert against a plaintiff could be heard by a federal court on the theory that an award against plaintiff would 'offset' any award against the defendants.

*Cicek v. Green Station Auto Servs. Inc.,* 2024 WL 2258312, at *5 (E.D.N.Y. May 17, 2024)(NJF)(ARL)(citations omitted); *Johnson v. Corp. Express, Inc.*, No. 20CV4627LDHMMH, 2022 WL 992633, at *2 (E.D.N.Y. 2022) (refusing to exercise supplemental jurisdiction over defendant's faithless servant doctrine counterclaim based on allegations that plaintiff was stealing

money because an employment relationship alone was insufficient overlap and supplemental jurisdiction would require additional discovery not required to resolve plaintiff's federal claims); *see also Torres*, 628 F. Supp. 2d at 468 (declining to exercise supplemental jurisdiction over defendant's permissive faithless servant doctrine counterclaim because none of the facts underlying defendant's allegations that plaintiff sexually harassed co-workers and falsified information overlapped with plaintiff's wage and hour claims).

Here, EMMA and CHAT NOIR's alleged breach of the faithless servant doctrine do not share a common nucleus of operative fact with Plaintiff's FLSA and NYLL claims, and therefore, must be dismissed.

***e. The Alleged Eaten Sandwich was Insufficiently Pled***

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Torres Ibarra v. W&L Group Construction, Inc. et al.,* No. 19- 2019 WL 5863951 (E.D.N.Y. 2019).

Here, EMMA and CHAT NOIR do not allege sufficient factual details to establish a breach of the faithless servant doctrine, which is limited to the single, non-descript accusation of "repeatedly stealing food and other products from the kitchen of the Chat Noir Defendants without authorization to do so."

***f. Plaintiff Should be Awarded Costs and Fees***

A plaintiff who prevails in an action brought pursuant to the FLSA must be awarded reasonable attorneys' fees and costs. *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d

470, 473 (S.D.N.Y. 2009); *Perry v. Erie Cnty. Supreme Ct.,* 2024 WL 4783966, at *2 (W.D.N.Y. Nov. 14, 2024)("Perry's failure to withdraw his meritless claims when faced with motions to dismiss, outlining the clear lack of support for the claims, wasted time and judicial resources … For these reasons, Leach's motion for attorneys' fees and costs is granted. Leach is directed to provide an additional submission that documents the fees and costs sought in accordance with the terms set forth below.")

Here, should this Court dismiss the counterclaims, then Plaintiffs seeks leave to provide additional submissions and recover their costs and fees expended with this application.

***g. Plaintiffs Should be Granted Leave to Amend Their Complaint to Assert a Cause of Action for Retaliation based on EMMA and CHAT NOIR's Counterclaims***

Alternatively, Plaintiffs seek to amend their Complaint to add a cause of action for retaliation based on EMMA and CHAT NOIR's counterclaim as those counterclaims were designed to cause an *in terrorem* effect. *Miller v. Levi & Korsinsky, LLP*, 695 F. Supp. 3d 397 (S.D.N.Y. 2023)(granting plaintiff partial summary judgment on claim for retaliation based on L&K's filing of retaliatory counterclaims); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472 (S.D.N.Y. 2008)("The courts in this Circuit have held that the filing of "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions." That is because "[b]ad faith or groundless counterclaims and other legal proceedings against employees who assert statutory rights [have an] *in terrorem* effect."); *see also Rodriguez v. National Golf Links of America*, 2020 WL 3051559, at *3 (E.D.N.Y. June 8, 2020) ("District courts in this Circuit are also clear that the filing of a baseless lawsuit can be an adverse action' within the meaning of FLSA retaliation.")(citing *Nunez v. Metro. Learning Inst., Inc.*, 2019 WL 5457731, at *1 (E.D.N.Y. 2019); *Chan v. Big Geyser, Inc.*, 2018 WL 4168967, at *11 (S.D.N.Y. Aug. 30, 2018) ("[C]ourts have held that filing baseless counterclaims against FLSA plaintiffs can,

under certain circumstances, constitute adverse employment action sufficient to state a claim for retaliation.")

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant Plaintiffs' motion herein, along with such other and further relief as this Court deems appropriate.

Dated: August 20, 2025

Respectfully submitted,

By:____/S/______________
Marcus Monteiro